FILED
United States Court of Appeals
Tenth Circuit

**June 4, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MIKEAL GLENN STINE,

        Plaintiff - Appellant,

    v.

MARK COLLINS, Unit Manager ADX;
TINA SUDLOW, Case Manager ADX;
GEORGE KNOX, Counselor ADX,

        Defendants - Appellees.

No. 08-1078
(D.C. No. 1:08-CV-00298-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Mikeal Glenn Stine, a federal prisoner proceeding pro se, appeals an order of the district court denying his petition for a writ of mandamus and dismissing his action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stine is a federal prisoner in the custody of the United States Bureau of Prisons. He is currently a co-plaintiff in several other prisoner complaints filed by another inmate and himself. In his petition for mandamus now before the Court, he contends that he has a constitutional right to communicate with his co-plaintiff regarding their jointly filed complaints and that prison officials have denied him this right. He also argues that this deprivation has violated his First Amendment right of access to the courts.

Under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is an extraordinary remedy and will only be granted if the petitioner demonstrates "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).

Here, as the district court noted, regulating inmate-to-inmate communication passes constitutional muster as long as it is "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Moreover, there is no heightened protection for legal communication between inmates. *See Shaw v. Murphy*, 532 U.S. 223, 228 (2001).

Mr. Stine points only to 28 C.F.R. § 540.17, which states that an inmate "*may* be permitted to correspond with an inmate" if the other inmate is a party to a legal action in which both are involved. He does not, however, identify the content of the

communication or in what manner it was restricted. Thus, he has not alleged facts sufficient to warrant mandamus relief, and has failed to show that he has a clear right to an order allowing him to communicate with his co-plaintiff inmate.

Mr. Stine has similarly failed to demonstrate that he has a clear right to relief based on his claim that he has been denied his First Amendment right of access to the courts. In order to prevail he "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (citation omitted). He has made no such showing of prejudice and, as the district court noted, he has successfully filed numerous other complaints before the court.

The order of the district court is AFFIRMED. The district court's dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999). Mr. Stine's motion to proceed in forma pauperis is DENIED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 3 -